IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLINE VEGA,

    Plaintiff,

v.                                                   Case No.: 6:14-cv-1700-orl-22GJK

ORLANDO HOUSING AUTHORITY,
and VIVIAN BRYANT, President/CEO
of the Orlando Housing Authority, in her
official capacity,

    Defendants.

_____/

**COMPLAINT WITH DEMAND FOR
DECLARATORY AND INJUNCTIVE RELIEF**

**PRELIMINARY STATEMENT**

1.    Plaintiff, Caroline Vega ("Ms. Vega" or "Plaintiff") brings this action against the Orlando Housing Authority ("OHA") and its President/CEO, Vivian Bryant ("Bryant"), based on their decision to unlawfully terminate her federal Section 8 Housing Choice Voucher Program benefits without proper notice and the opportunity for a pre-termination hearing which caused her, and her family, to be left homeless. Defendants' termination of Ms. Vega's housing benefits without a hearing violates her constitutionally protected right to due process under the Fourteenth Amendment to the U.S. Constitution, her rights under the U.S. Housing Act, 42 U.S.C. § 1437f (2013), the federal regulations governing the Section 8 Housing Choice Voucher Program and the OHA's Administrative Plan pursuant to 42 U.S.C. § 1983.

2. After receiving Section 8 Housing Voucher Program ("Section 8 program" or "Section 8") assistance for approximately 10 years with the OHA, Ms. Vega was sent a final termination of Section 8 program assistance based solely on a police report containing an unsubstantiated minor criminal charge involving her daughter. Ms. Vega made *three* timely requests for a legally required informal hearing to contest the termination of her Section 8 rental assistance. Defendants persisted in incorrectly informing Plaintiff that she had no right to a hearing and refusing to provide due process. Instead, Defendants summarily terminated Plaintiff's rental assistance benefits as of April 30, 2014, with no opportunity for her to be heard.

3. Ms. Vega and her family suffered irreparable harm as a result of the Defendants' decision to involuntarily terminate their Section 8 housing assistance benefits. As a result of the unlawful termination of their housing assistance, she was left homeless and had to separate her family because Plaintiff lacks the financial means to pay full market rent.

4. Plaintiff seeks declaratory relief that Defendants' actions and inactions have violated her rights to constitutional due process under the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1437f, 24 C.F.R. §§ 982.555(a)(1)(v), (c)-(f) and the OHA's Administrative Plan pursuant to 42 U.S.C. § 1983.

5. Plaintiff seeks a preliminary injunction ordering Defendants to immediately reinstate her Section 8 program housing assistance during the pendency of this action, directing Defendants to timely process any and all documents necessary for Plaintiff to obtain new housing using her Section 8 voucher, and restraining Defendant OHA and its

officers, agents, servants, employees, and successors from acting to limit or terminate Ms. Vega's participation in the Section 8 Program pending final resolution of this action.

6. Plaintiff also seeks a permanent injunction ordering Defendants to: (a) provide Plaintiff with a pre-termination hearing, and (b) refrain from taking any further action denying, limiting or terminating her participation in the Section 8 program without due process.

## JURISDICTION

7. This civil rights action is brought pursuant to 42 U.S.C. § 1983 and § 1988. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (Federal Question), § 1343(a)(3) and (4) (Civil Rights).

8. Plaintiff's claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201-2202 and Rules 57 and 65 of the Federal Rules of Civil Procedure.

9. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. § 1391 and in the Orlando Division. *See* M.D. Loc. Rule 1.02. Ms. Vega resides, the Orlando Housing Authority is located, and a substantial part of the events or omissions giving rise to the claims, occurred in the Orlando Division of the Middle District of Florida.

## PARTIES

10. Plaintiff is a resident of Orange County, Florida.

11. Defendant OHA is a federally-funded, Public Housing Authority ("PHA") organized for the purpose of providing decent, safe and sanitary low-cost housing to moderate and low-income families and individuals. § 421.02, Fla. Stat. (2014). It is an

independent public corporation pursuant to the laws of the State of Florida with the capacity to sue and be sued. §§ 421.04, 421.08, Fla. Stat. Defendant OHA is the legal entity responsible for operating the Section 8 Tenant-Based Assistance Housing Choice Voucher Program for the City of Orlando. *See* § 421.08, Fla. Stat.; *see also* http://www.orl-oha.org/section8.htm.

12. Defendant Bryant is, and was, at all times relevant herein, the President/Chief Executive Officer of OHA, and is sued in her official capacity. Defendant Bryant controls all policies concerning the administration of all OHA programs, including the Section 8 Tenant-Based Assistance Housing Choice Voucher Program for the City of Orlando. §§ 421.05, 421.08, Fla. Stat. Defendant Bryant is also responsible for the promulgation and execution of the OHA's Administrative Plan in effect during the events and omissions described herein. *Id.* Defendant Bryant sets final policy for the OHA, including, but not limited to, the OHA Administrative Plan and has the authority to conduct final review, approval and ratification of all OHA decisions concerning OHA programs, including the Section 8 program.

13. The officers, agents and employees of the OHA and Defendant Bryant are, and were, at all times relevant herein, acting under color of law. At all times mentioned herein, Defendants and their officers, agents and employees have acted pursuant to the official policies of the Defendant OHA entity.

## FACTUAL ALLEGATIONS

### The Section 8 Tenant-Based Assistance Housing Choice Voucher Program

14. In 1974, Congress created the Section 8 housing program by amending the United States Housing Act of 1937, to aid low-income families in obtaining a decent place to live. 42 U.S.C. § 1437f(a).

15. The federal government, through the United States Department of Housing and Urban Development ("HUD"), provides funds to a governmental entity or public body to act as a public housing agency ("PHA") to operate the Section 8 program for low-income families. 42 U.S.C. § 1437f(c); § 421.21, Fla. Stat.

16. A family eligible for the Section 8 program receives a voucher from the PHA, locates a rental unit in the private market of existing housing within size and rental limits set by the PHA and submits a request for lease approval to the PHA. 42 U.S.C. § 1437f(o).

17. If the unit lease is approved by the PHA, the family executes a lease with the private owner. 24 C.F.R. § 982.1, *et seq*. The owner and the PHA execute a Housing Assistance Payments Contract, also known as a "HAP contract." *Id.*

18. The participant family pays approximately 30% of their adjusted monthly income as their portion of the rent directly to the landlord. *Id.* On behalf of the participant, pursuant to the HAP contract with the owner, the PHA pays the difference between the tenant's portion of the rent and the total contract rent defined in the lease. *Id.* The PHA's payment is referred to as the "Housing Assistance Payment." *Id.*

19. When a participant decides to move, she can take the Section 8 voucher and use it to rent new housing. 24 C.F.R. § 982.314.

20. Participants in the Section 8 program are entitled to an informal hearing regarding a PHA decision to terminate housing assistance payments on behalf of a

participant. 24 C.F.R. § 982.555(a)(1)(v); *Goldberg v. Kelly*, 397 U.S. 254, 266 (1970); *Basco v. Machin*, 514 F.3d 1177, 1182 (11th Cir. 2008) (citations omitted); *Thomas v. Hernando Cnty. Hous. Auth.*, 2008 WL 4844761, *7 (M.D. Fla. Nov. 6, 2008). (*See* Ex. 6, Plaintiff's Motion for Preliminary Injunction and Memorandum in Support ("Pl.'s Mot."),[1] The Orlando Housing Authority Section 8 Housing Choice Voucher Program Administrative Plan "OHA Administrative Plan," 09/2012, Chapter 19, p. 100) ("The OHA must provide participants with the opportunity for an Informal Hearing for decisions related to any of the following determinations...[including the] Determination to terminate assistance for any reason."). ("Ex. 6.")[2]

21.     The PHA must give the participant prompt written notice that she may request a pre-termination hearing. 24 C.F.R. § 982.555(c)(2). The notice must contain a brief statement of reasons for the decision; state that if the participant does not agree with the decision, she may request an informal hearing on the decision; and state the deadline to request an informal hearing. 24 C.F.R. §§ 982.555(c)(2)(i)-(iii).

22.     When an informal hearing is requested by a participant, the PHA must proceed with the pre-termination hearing in a reasonably expeditious manner. 24 C.F.R. § 982.555(d).

23.     A PHA must adopt a written Section 8 Administrative Plan which establishes policies for administering the Section 8 program in accordance with HUD regulations and requirements. 24 C.F.R. § 982.54(a). The Section 8 Administrative Plan must include PHA

---

[1] Plaintiff's Motion for Preliminary Injunction and Memorandum in Support ("Pl.'s Mot."), with attached Exhibits, has been filed contemporaneously with this pleading.
[2] All Exhibit references herein are to those filed with Plaintiff's Motion for Preliminary Injunction and Memorandum in Support and are incorporated by reference.

policies on informal hearing procedures for participants. 24 C.F.R. § 982.54(d)(13). Every PHA must administer its Section 8 program in accordance with its Section 8 Administrative Plan. 24 C.F.R. § 982.54(c).

**Ms. Vega's Termination From the Section 8 Voucher Program**

24. Ms. Vega was a tenant with Section 8 housing for approximately 18 years, including approximately 10 years with the OHA. (Ex. 1, ¶ 3, Pl.'s Mot., Declaration of Caroline Vega.) ("Ex. 1.")

25. On December 30, 2013, Ms. Vega requested a transfer of her Section 8 program voucher to move her family from her residence at 2202 Justin Avenue, Orlando, Florida, to Seminole County. (*Id.*, ¶¶ 4-5.)

26. After submitting the required information to be recertified for the Section 8 program so that she could receive the new voucher, an individual with the OHA informed Ms. Vega by phone that she could not receive the voucher because her daughter had received a citation for a minor criminal charge and that she would receive notice from the OHA about how to request a hearing about this decision. (*Id.*, ¶ 6.)

27. Instead, the notice that Ms. Vega received from the OHA was a letter, dated March 31, 2014, titled "Final Termination of Section 8 Assistance[.]" (*Id.*, ¶ 7.) (Ex. 2, Pl.'s Mot., Final Termination of Section 8 Assistance, dated March 31, 2014.) ("Ex. 2.") The letter informed Ms. Vega that her Section 8 rental subsidy was terminated effective April 30, 2014, and that the termination action was taken based on 24 C.F.R. 982.551(l) "*Crime by household members*[.]" (*Id.*) The letter also stated that as of May 1, 2014, Ms. Vega would be responsible for the full amount of rent to her landlord. (*Id.*)

28. The "Final Termination of Section 8 Assistance" from the OHA to Ms. Vega, dated March 31, 2014, did not contain any information about the right to an informal hearing, the right to appeal the OHA's decision to terminate benefits, or a written description of the PHA's informal hearing procedures. (*Id.*)

29. Shortly after she received the "Final Termination of Section 8 Assistance," Plaintiff spoke with the OHA Section 8 Director, Rhonda Pierce, to request a hearing. (Ex. 1, ¶ 9.) Ms. Pierce denied this request and informed Ms. Vega that she did not have the right to a hearing. (*Id.*)

30. Ms. Vega submitted a written request for a hearing to the OHA on April 30, 2014.[3] (Ex. 3, Pl.'s Mot., Pl.'s Hearing Request.) ("Ex. 3.") OHA denied this second request for a hearing. (Ex. 4, Pl.'s Mot., OHA Hearing Denial Letter, May 7, 2014.) ("Ex. 4.") OHA's denial letter stated, in relevant part, "HUD regulations do not allow for an informal hearing for drug offenses." (*Id.*)

31. After Defendants had denied Ms. Vega's requests for a hearing <u>two times</u>, her counsel wrote to Defendants on June 30, 2014, to request a hearing and provided the legal basis for the requirement of an informal hearing prior to the termination of Section 8 program assistance. (Ex. 5, Pl.'s Mot., Letter from Caroline Ware to OHA, June 30, 2014.) ("Ex. 5.") The OHA never responded to this request.

---

[3] The written request submitted by Ms. Vega is stamped received by the OHA on April 30, 2014, but has an incorrect handwritten date of March 30, 2014. The request was submitted on April 30, 2014. (*See* Exs. 3, 4.)

8

32. Plaintiff and her two children became homeless because Defendants unlawfully terminated her Section 8 program voucher and she was unable to pay market rent. (Ex. 1, ¶ 12.)

33. Defendants' unlawful termination of Ms. Vega's Section 8 voucher in violation of her due process rights left her homeless and forced to live a transient existence of moving between the homes of family and friends. (*Id.*, ¶¶ 12, 14-15.)

34. As a result of Defendants' unlawful termination of her Section 8 voucher without due process, Plaintiff had to separate her family, including sending her then 16 year-old son to another state to live with his father because of her lack of housing for herself and her family. (*Id.*, ¶ 12.)

35. The OHA has never provided Plaintiff with a hearing to contest the termination of her Section 8 program assistance. (*Id.*, ¶ 13.)

36. The deprivation of Plaintiff's right to due process results in harm to Plaintiff, and absent extraordinary relief from this Court, she will continue to suffer irreparable harm because of the unwarranted violation of her constitutional and statutory rights. (*Id.*, ¶¶ 12-15.)

37. Damages are not an adequate remedy at law, because, although Plaintiff has suffered injury as a consequence of Defendants' unlawful acts and omissions, damages cannot compensate Plaintiff for the continued loss and deprivation of her constitutional and statutory rights, as well as homelessness and continued separation of her family.

## COUNT I
### Due Process
### (Violation of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1437f, 42 C.F.R. §§ 982.555(a)(1)(v), (c)-(f) and the OHA Administrative Plan Pursuant to 42 U.S.C. § 1983)

38. Paragraphs 1 - 37 are incorporated by reference as if set forth herein.

39. Defendants terminated Plaintiff from the Section 8 program on April 30, 2014, when the OHA informed her that it would no longer pay the "Housing Assistance Payment" to her landlord.

40. The Due Process Clause of the Fourteenth Amendment to the U.S. Constitution requires that a Section 8 participant be given an informal hearing before termination of the housing assistance. *Basco*, 514 F.2d at 1182; *Goldberg*, 397 U.S. at 266.

41. The federal regulations governing the Section 8 program's informal hearings, 24 C.F.R. §§ 982.555(a)(1)(v), (c)-(f), require the PHA to give the opportunity for a hearing before the PHA terminates a participant's housing assistance.

42. The OHA's Administrative Plan requires that participants must be provided with the opportunity for an informal hearing concerning a decision to terminate assistance for any reason. (Ex. 1.)

43. Defendants terminated Plaintiff's Section 8 rental assistance on April 30, 2014, and deprived Plaintiff of her property interest without providing her with proper lawful notice or an opportunity to be heard.

44. Defendants unlawfully denied Plaintiff's three requests for an informal hearing concerning the termination of her Section 8 program rental assistance benefits without due process.

45. Defendants have never provided Plaintiff with a hearing concerning the termination of her Section 8 program rental assistance benefits and have affirmatively refused to do so.

46. Defendants have violated the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1437f, 24 C.F.R. §§ 982.555(a)(1)(v), (c)-(f) and the OHA Administrative Plan requirements by depriving Plaintiff of her property interest in her Section 8 rental assistance voucher without due process of law.

47. As a result of Defendants' unlawful actions, Plaintiff has suffered harm in being deprived of her property interest without due process of law and being homeless.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

a. Entry of a declaratory judgment that Defendants' termination of Plaintiff's Section 8 program rental assistance voucher without providing proper notice and opportunity for a pre-termination hearing constitutes a violation of the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution, 42 U.S.C. § 1437f, 24 C.F.R. §§ 982.555(a)(1)(v), (c)-(f) and the OHA's Administrative Plan;

b. Entry of a preliminary injunction ordering Defendants to immediately reinstate Ms. Vega's Section 8 program rental assistance voucher, ordering Defendants to timely process any and all documents necessary for Plaintiff to obtain new housing using her Section 8 voucher and restraining Defendant OHA and its officers, agents, servants,

employees, and successors from acting to limit or terminate Ms. Vega's participation in the Section 8 Program pending final resolution of this action;

    c.     Entry of a permanent injunction ordering Defendants to reinstate Ms. Vega's Section 8 program rental assistance voucher and immediately conduct a hearing in compliance with the federal statutes and regulations governing the Section 8 program, the Fourteenth Amendment to the U.S. Constitution and the OHA's Administrative Plan and restraining Defendant OHA and its officers, agents, servants, employees, and successors from acting to limit or terminate Ms. Vega's future participation in the Section 8 Program in violation of the federal statutes and regulations governing the Section 8 program, the Fourteenth Amendment to the U.S. Constitution and the OHA's Administrative Plan;

    d.     Grant an award of Plaintiff's reasonable attorneys' fees and costs and expenses pursuant to 42 U.S.C. § 1988 and any other applicable statutes or rules or law; and

    e.     Such other and further relief, including all appropriate and equitable relief as this Court may deem just and proper.

Dated: October 20, 2014

Respectfully submitted,

*/s/ Natalie N. Maxwell*

Natalie N. Maxwell, Fla. Bar No.: 16746
Community Legal Services of Mid-Florida, Inc.
1610 S.E. 36th Avenue
Ocala, FL 34471
(352) 629-0105 (phone)
(352) 629-8877 (fax)
nataliem@clsmf.org
**Trial Counsel**

Caroline E. Ware, Fla. Bar No.: 47403
Community Legal Services of Mid-Florida, Inc.
122 East Colonial Dr., Suite 200
Orlando, FL 32801
(407) 841-7777 (phone)
(407) 246-1661 (fax)
carolinew@clsmf.org

Andrea Costello, Fla. Bar No.: 0532991
Legal Advocacy Center of Central Florida
310 S. Magnolia Avenue
Sanford, FL 32771
(407) 708-1020 (phone)
(407) 708-1024 (fax)
andreac@laccf.org

ATTORNEYS FOR PLAINTIFF