# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

CAROLINE VEGA,

    Plaintiff,

v.                                                          Case No.:

ORLANDO HOUSING AUTHORITY,
and VIVIAN BRYANT, President/CEO
of the Orlando Housing Authority, in her
official capacity,

    Defendants.
_____/

## DECLARATION OF CAROLINE VEGA

I, Caroline Vega, declare under penalty of perjury as follows:

1.     I am of age and have personal knowledge of the facts set forth below.

2.     I am the Plaintiff in the above-captioned action and make this Declaration in support of the Motion for Preliminary Injunction and Memorandum filed in this case.

3.     I am a resident of Orange County, Florida. I was a tenant receiving Section 8 Housing Choice Voucher Program rental assistance ("Section 8") for approximately 18 years. I had Section 8 rental assistance with Orlando Housing Authority ("OHA") for approximately 10 years before the OHA notified me by a letter dated March 31, 2014, that my Section 8 rental assistance would be terminated.

4.     In December 2013, I was residing at 2202 Justin Avenue, Orlando, Florida, 32826, with my daughter and 16 year-old son.

5.     On December 30, 2014, I made a request to the OHA to transfer my Section 8 voucher to move my family to Seminole County. After I submitted this request, I was

informed by the OHA that I would need to be recertified for the Section 8 program. I submitted the necessary paperwork to the OHA and was told that I had been approved for a voucher transfer.

6. After I was told by the OHA that my Section 8 program voucher transfer was approved, my caseworker told me that I could not receive the new voucher because my daughter had received a citation for a minor criminal charge. The caseworker informed me of this in March 2014. My caseworker also informed me, at this time, that I would get notice from the OHA about how to request a hearing about this decision.

7. After I spoke with my OHA caseworker, I received a letter from the OHA, dated March 31, 2014 which was entitled, "Final Termination of Section 8 Assistance." This termination letter informed me that my Section 8 program rental subsidy was terminated effective April 30, 2014, and that the termination action was taken based on 24 C.F.R. 982.551(l) which relates to crime by household members. The letter also stated that as of May 1, 2014, I would be responsible for the full amount of rent to my landlord.

8. The termination letter, dated March 31, 2014, from the OHA did not have information about the right to a hearing, the right to appeal the OHA's decision to terminate my Section 8 program benefits.

9. Shortly after I received the letter from the OHA dated March 31, 2014, which terminated my Section 8 program rental assistance, I spoke with the OHA Section 8 Director, Rhonda Pierce, to request a hearing. Ms. Pierce denied my request for a hearing and told me that I did not have the right to a hearing.

10.     On April 30, 2014, I submitted a written request to the OHA for a hearing. OHA also denied this request and stated, among other things, that "HUD regulations do not allow for an informal hearing for drug offenses."

11.     After the OHA had denied my two requests for a hearing, my attorney at Community Legal Services of Mid-Florida sent a request for a hearing to the OHA, Vivian Bryant and the OHA's attorney, on June 30, 2014. My understanding is that the OHA never responded to this request.

12.     As a result of the OHA's termination of my Section 8 voucher, my family became homeless. I was unable to pay market rent when the OHA terminated my Section 8 voucher and had to separate my family. My then 16 year-old son had to go to live with his father in another state because I did not have adequate housing for myself and my family.

13.     The OHA has never provided me with notice of my right to an informal hearing concerning the termination of my Section 8 program assistance or provided me with a hearing.

14.     Since my Section 8 program rental assistance has been terminated, I have lacked the financial means to obtain a place to live because full cost rents are not affordable to me on my current hourly wage with the other living expenses that I have. The break-up of my family has been devastating to me. The loss of my Section 8 rental assistance has meant that I have to move back and forth with friends or family to keep a roof over my head.

15.     Unless my Section 8 program rental assistance is re-instated, I will continue to be without a home and unable to house my family.

Pursuant to 42 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct. Executed on October 17, 2014.

_____
CAROLINE VEGA