UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CAROLINE VEGA,**

      **Plaintiff,**

v.                                                                                    Case No:    6:14-cv-1700-Orl-22GJK

**ORLANDO HOUSING AUTHORITY
and VIVIAN BRYANT,**

      **Defendants.**

**ORDER**

This cause comes before the Court for consideration of the Magistrate Judge's Report and Recommendation dated July 28, 2015. (Doc. No. 31) (hereinafter "R&R"). Therein, the Magistrate Judge recommends that the undersigned judge grant in part and deny in part Plaintiff's Motion for Attorneys' Fees and Litigation Costs (Doc. No. 29) (hereinafter, "Pl.'s Mot."). He recommends that Plaintiff be awarded fees and costs, but in a much lower amount than she seeks. Specifically, the Magistrate Judge suggests that the $60,720.00 figure Plaintiff seeks be reduced to the sum of $9,929.00.

Plaintiff filed objections to the R&R and Defendant responded. (Doc. Nos. 34, 35.)[1] After conducting a *de novo* review of this matter and carefully considering the parties' submissions, the undersigned judge agrees with the Magistrate Judge's findings and recommendations.

---

[1] The Court declines defense counsel's invitation to ignore Plaintiff's new arguments and evidence submitted with Plaintiff's objections to the R&R. The Court recognizes it could properly decline to consider Plaintiff's additional arguments and submissions. S*ee Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (holding that "a district court has discretion to decline to consider a party's argument when that argument was not first presented to the magistrate judge"). However, in its discretion and in the interests of justice, the Court will consider the entire record.

This was a pretty simple case.  Plaintiff filed suit on October 20, 2014.  The single-count, 13-page complaint alleged that the Defendants violated Plaintiff's due process rights by not affording Plaintiff proper notice and an opportunity to be heard before terminating her public housing assistance.  At the same time Plaintiff filed her complaint, she submitted a motion for preliminary injunction that incorporated a supporting legal memorandum.  That document was 16 pages long.[2]

The Defendants were served with process on October 21, 2014, the day after the complaint was filed.  (Doc. Nos. 7, 8, 9.)  Defense counsel represents that on October 29, 2014, he contacted Plaintiff's counsel in an effort to settle the case.  (Def.'s Resp. to Pl.'s Mot. (Doc. No. 35) 1.)  A few days later, on November 6, 2014, Defendant's counsel notified the Court that the parties "hope[d] to promptly resolve this case in a manner that should require no substantial future involvement by the Court."  (Doc. No. 17.)  Within two weeks, the parties settled the case, resolving all issues except the amount of attorneys' fees and costs to be awarded to Plaintiff's counsel.  (*See* Doc. Nos. 21, 24.)  Accordingly, approximately one month after the case was filed, it was over, except for the outstanding issue regarding fees and costs.

The Court agrees with the Magistrate Judge that this case was a straightforward, uncomplicated matter that settled very quickly.  By no stretch of the imagination could this be considered complex litigation.  Plaintiff was represented by able attorneys who achieved a good result for their client, but they spent (or at least billed) far too much time on the case, particularly in drafting the single-count complaint and the motion for preliminary injunction.  To quote the Magistrate Judge, "Plaintiff's counsel, who have a combined 34 years of legal experience, expended approximately 104.2 hours preparing a straightforward complaint for the violation of well-established due process rights and a supporting motion for preliminary injunction, which is

---

[2] A number of exhibits were attached to the preliminary injunction motion.

excessive." (R&R 10.) The undersigned judge also agrees with the Magistrate Judge that it should have taken an attorney as able and experienced as Plaintiff's lead counsel no more than 26.05 hours (a little over three days) to prepare the complaint and preliminary injunction motion, rather than the 104.2 hours billed by all three of Plaintiff's counsel for those tasks. This is particularly true given the fact that the submitted time records reflect that a legal intern prepared an initial draft of the facts of the case and the "Factual Allegations" section of the complaint comprised five of the pleading's 13 pages.[3] (*See* Pl.'s Mot. Ex 10 (Doc. No. 29-11) 2 (6/12/14 time entries for Caroline Ware, stating: "Meeting w/intern about drafting memorandum of facts for complaint" and "Review and edit draft statement of facts from intern re: drafting complaint")). Additionally, the Magistrate Judge correctly noted that the time records reflect duplication of effort and block billing. Frankly, the undersigned judge is as surprised as the Magistrate Judge that Plaintiff's counsel would submit a bill exceeding $60,000.00 for the work reasonably required in this short-lived case. Under these circumstances, the undersigned judge agrees that a 75% across-the-board reduction in the hours claimed is warranted.

The undersigned judge also agrees with the Magistrate Judge's reduction of the hourly rates claimed by Plaintiff's three attorneys. *Given the circumstances of this particular case*, the hourly rates claimed by Plaintiff's counsel were unreasonably high and were properly reduced to reasonable rates by the Magistrate Judge based on his experience with comparable rates charged by comparable attorneys in comparable cases.

Based on the foregoing, it is ORDERED as follows:

1. The Magistrate Judge's Report and Recommendation (Doc. No. 31), filed on July 28, 2015, is APPROVED, ADOPTED, AND MADE A PART OF THIS ORDER.

---

[3] Laudably, Plaintiff's counsel did not bill for the intern's time. However, the intern's labors meant the attorneys did not need to spend (or bill for) as much time on the "Factual Allegations" section of the complaint.

2. The Plaintiff's Objections (Doc. No. 34) to the R&R are OVERRRULED.

3. Plaintiff's Motion for Attorneys' Fees and Litigation Costs (Doc. No. 29), filed on February 5, 2015, is GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as it seeks an award of attorneys' fees and costs. The Motion is DENIED insofar as it seeks fees and costs in the amount of $60,720.00.

4. Plaintiff is awarded attorneys' fees in the amount of $9,529.00 and costs in the sum of $400.00, for a total award of $9,929.00.

5. The Clerk shall enter a final judgment providing that this lawsuit is dismissed with prejudice and that Plaintiff, Caroline Vega, is awarded attorneys' fees in the amount of $9,529.00 and costs in the sum of $400.00, for a total award of $9,929.00.[4]

**DONE** and **ORDERED** in Chambers, in Orlando, Florida on September 15, 2015.

*[signature]*
ANNE C. CONWAY
United States District Judge

Copies furnished to:

Magistrate Judge
Counsel of Record
Unrepresented Parties

---

[4] In an Order dated November 21, 2014, the Court directed the Clerk to close the case, but stated: "The Clerk is further directed to withhold the entry of final judgment pending resolution of the outstanding issues concerning attorneys' fees and costs, at which point the Court will enter an appropriate order dismissing all claims with prejudice." (Doc. No. 24 ¶ 6.)